## THE GENERAL ELECTRIC RAILWAY COMPANY

*v.*

## THE CHICAGO AND WESTERN INDIANA RAILROAD CO.

*Opinion filed February 19, 1900—Rehearing denied April 17, 1900.*

1. INJUNCTION—*what allegations do not give complainant a standing in court.* Allegations that the construction and operation of a street railway will lessen the value or injuriously affect the property of complainant abutting upon the street, or that the construction of such railway is illegal and unauthorized, do not give complainant a standing in court to enjoin the construction of the road.

2. SAME—*steam railroad cannot enjoin the construction of street railway across its tracks at street crossing.* A steam railroad company cannot enjoin the construction of a street railway across its tracks at a public street crossing, since the construction and operation of a street railway is a legitimate use of the street, and a steam railroad company cannot acquire the exclusive use of a public street, but only a right to use it in common with other uses thereof by the public for purposes of travel.

*General Elec. Ry. Co.* v. *C. & W. I. R. R. Co.* 84 Ill. App. 640, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

The Hon. John Barton Payne presided at the original hearing of this cause in the superior court of Cook county, and the temporary injunction was by him dissolved and the bill dismissed for want of equity. Such original decree dismissing the bill was, on appeal, reversed by the Branch Appellate Court, with directions, (79 Ill. App. 569,) and the Hon. Marcus Kavanagh, upon re-instatement of the cause in the superior court, entered a decree *pro forma* in accordance with such directions. The latter decree was, on appeal, affirmed by the Branch Appellate Court, and from this second judgment of the Branch Appellate Court the present further appeal has been prosecuted by the General Electric Railroad Company.

FERDINAND GOSS, (T. A. MORAN, and EDWIN WALKER, of counsel,) for appellant:

An abutting property owner cannot, in a court of equity, enjoin the laying down of street railway tracks; nor will the allegation that the construction of the street railway in the street is illegal entitle him to enjoin the construction. *Patterson* v. *Railroad Co.* 75 Ill. 588; *Railway Co.* v. *Schertz,* 84 id. 135; *Doane* v. *Railroad Co.* 165 id. 510.

Crossing the tracks of a steam railway company in a street is no infringement upon its rights and no injury to its property, and it is entitled to no damage for such crossing. *Ligare* v. *Chicago,* 139 Ill. 62; *Railroad Co.* v. *Railway Co.* 156 id. 255; *Stack* v. *East St. Louis,* 85 id. 377; *Railway Co.* v. *Railway Co.* 66 Ill. App. 362; *Pennsylvania Co.* v. *Chicago,* 181 Ill. 289; *Railroad Co.* v. *Railroad Co.* 33 Barb. 420; *Bond* v. *Railway Co.* 171 Ill. 513; *Railroad Co.* v. *Hartley,* 67 id. 439; *Railway Co.* v. *Railway Co.* 87 id. 37; 51 Cal. 583.

EDGAR A. BANCROFT, and HAMLINE, SCOTT & LORD, for appellee:

Appellee's tracks lawfully laid in the highway, and its franchise to use them there, constitute a property fixed and immovable in its character like realty, and recognized and protected by the law as fully as a fee simple in land. *Chicago* v. *Baer,* 41 Ill. 306; *Railway Co.* v. *Chicago,* 176 id. 501; *Railway Co.* v. *Railway Co.* 87 id. 317; *Railroad Co.* v. *Chicago,* 90 id. 573; *Railway Co.* v. *Railway Co.* 139 Ind. 297; *Rich* v. *Chicago,* 152 Ill. 18; *Railroad Co.* v. *Jefferson,* 14 Ill. App. 615; *Railroad Co.* v. *Railroad Co.* 36 Ohio St. 239.

The very tracks now in question have been held to be property in the following cases: *Railroad Co.* v. *Railroad Co.* 15 Ill. App. 587; *Railroad Co.* v. *Railroad Co.* 100 Ill. 21.

The grant to lay the tracks is a mere license, but when such permission is availed of it becomes a property as secure from improper invasion as other property. Booth on Street Railway Law, secs. 112, 117; *Citizens' Coach Co.* v. *Railroad Co.* 33 N. J. Eq. 267; *Railroad Co.* v. *Railroad Co.*

22 Abb. N. C. 427; *Railroad Co.* v. *Railway Co.* 20 N. J. Eq. 61; *Railway Co.* v. *Railway Co.* 81 Ill. 523; *Railroad Co.* v. *Railroad Co.* 122 id. 473; *Railroad Co.* v. *Railroad Co.* 12 Allen, 262.

The proposed crossing by the street railway of appellant will be a "taking" of appellee's property. *Railroad Co.* v. *Railroad Co.* 15 Ill. App. 587; *Railway Co.* v. *Jefferson,* 14 id. 615; *Railway Co.* v. *Railroad Co.* 100 Ill. 21; *Railroad Co.* v. *Railroad Co.* 115 id. 375; *Railroad Co.* v. *Railroad Co.* 18 L. R. A. 166; *Pumpelly* v. *Green Bay Co.* 80 U. S. 166.

A railroad in the street may enjoin a crossing by another steam railroad. *Railroad Co.* v. *Railroad Co.* 15 Ill. App. 587; *Railroad Co.* v. *Railroad Co.* 115 Ill. 375.

A street railroad can enjoin another street railroad from taking its property in the street. *Railroad Co.* v. *Railroad Co.* 62 Ill. App. 502; *Railroad Co.* v. *Railroad Co.* 81 Ill. 523; *Railway Co.* v. *Railway Co.* 20 N. J. Eq. 61; *Citizens' Coach Co.* v. *Railroad Co.* 33 id. 267.

Where special injury is shown, the fact that the street railway or other street obstruction is without lawful authority is always regarded as vital and controlling. Where both exist, an injunction will run against the invading and unlawful street railway. *Railroad Co.* v. *Baldwin,* 57 Cal. 160; *Canastota Knife Co.* v. *Newington T. Co.* 69 Conn. 146; *Railroad Co.* v. *Railway Co.* 2 Col. 673; *Railroad Co.* v. *Railroad Co.* 70 Conn. 610; *Railroad Co.* v. *Bridgeport,* 65 id. 410; *Hogenkamp* v. *Railroad Co.* 17 N. J. Eq. 83; *Heer* v. *Railroad Co.* 41 Mo. App. 63; *VanHorne* v. *Railroad Co.* 48 N. J. Eq. 332; *Snell* v. *Buresh,* 123 Ill. 151.

In the following cases it was held that an unauthorized street railroad may be enjoined by another railroad from using or crossing its tracks: *Railway Co.* v. *Railway Co.* 10 Phil. 43; *Railway Co.* v. *Railway Co.* 137 Pa. St. 533; *Railroad Co.* v. *Railroad Co.* 2 Col. 673; *Railway Co.* v. *Railroad Co.* 63 Ill. App. 464; *Citizens' Coach Co.* v. *Railroad Co.* 33 N. J. Eq. 267; *Railroad Co.* v. *Traction Co.* 29 L. R. A. 367; *Railway Co.* v. *Railroad Co.* 113 Ala. 239.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The Chicago and Western Indiana Railroad Company, the appellee, is a corporation owning and operating a steam railroad, a portion of which is in the city of Chicago, in part upon the streets and at street crossings in said city. The appellant, the General Electric Railway Company, is a corporation organized under the laws of the State of Illinois for the purpose of constructing and operating a street railway in the city of Chicago. The appellant was about to lay its street railway tracks across the tracks of the appellee in Custom House place, Fourteenth street and Dearborn street, in said city, and on Plymouth place, upon which lots belonging to appellee abutted but on which appellee had no tracks, when appellee filed its bill in chancery in the superior court of Cook county for the purpose of restraining the laying of such tracks across the tracks of its railroad. The bill states that Custom House place and Plymouth place, along which appellant was about to lay its tracks, were about forty feet wide but other parts of said street were fifty feet wide, and that Fourteenth street was forty feet wide. It is alleged in the bill that the appellee has laid and now owns a large number of tracks upon and across streets in said city, which tracks it was legally authorized to lay, and that it is under contract obligations with such city to pave and keep in repair portions of the said streets wherein its tracks lay, and that appellant threatens and is about to enter upon said streets and tear up and remove from the same, tracks, ties, paving and other property of appellee. It is further charged that the laying of tracks and operating the street railroad upon the streets in the manner as set out in the bill would take from appellee property and prevent ingress and egress to and from its property, and thus injure and practically destroy a large part of its property and improvements

for the uses and purposes for which they were made. The bill alleges and sets up facts charging that the ordinance under which the appellant claims the right to erect its tracks upon said streets was obtained by procurement and fraud. A preliminary injunction was issued out of the superior court restraining appellant from laying down, locating, constructing or erecting any railroad track or tracks or poles within so much of Custom House place, Fourteenth street, Plymouth place and Dearborn street as is occupied by the tracks of the appellee, and from crossing the appellee's track and road-bed within the said streets, etc.

To this bill the appellant demurred for want of equity, and moved to dissolve the injunction. The demurrer and the motion were sustained and the bill was dismissed for want of equity. An appeal was prosecuted to the Branch Appellate Court for the First District, where an order was entered that such injunction should continue in force and effect until the further order of that court or until the final hearing and determination of that appeal. On hearing in the latter court the decree was reversed and the cause remanded, with directions to the superior court to set aside the order dissolving the injunction, so as to leave the same in full force, and to take such further steps not inconsistent with the views of that court, which were to the effect that the decree was to be made perpetual. On being remanded to the superior court a decree was entered in accordance with the directions of the Appellate Court, from which decree an appeal was prosecuted to the Appellate Court, where there was a judgment of affirmance. This appeal is prosecuted from the judgment of affirmance of the Appellate Court.

Where appellant sought to lay down its tracks on Plymouth place between Polk street and Fourteenth street, appellant's railroad crosses no tracks of the Chicago and Western Indiana Railroad Company. Where it proposed to lay down its track on Custom House place

between Polk and Fourteenth streets, and on Dearborn street between Fourteenth and Sixteenth streets, and on Fourteenth street between Custom House place and Dearborn street, it intended to cross appellee's railway track at grade.

The decree restraining the street railway company from laying its tracks on Custom House place and on Plymouth place is based upon the alleged right of the abutting owner to enjoin the erection of a street railway in the street because there is no valid ordinance authorizing its construction, and because such street car tracks injuriously affect the appellee as an abutting owner. The injunction which prevents the building of a street railway across the tracks of the steam railroad on Fourteenth street is based on the alleged ground that the crossing of the railroad track by the track of the street railway company at grade is a physical taking of the steam railroad company's property and an invasion of its property rights, whereby its property is damaged and the profitable use thereof diminished.

Whether or not the right of an abutting property owner to enjoin the construction of a street railway in the streets of a city or village on the grounds that the property of an abutting owner would be injuriously affected or damaged as a consequence of the building of such street railway, or that the street railway is without legal authority, is not an open question in this State. It was held in *Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510 (on p. 521): "If, as contended, the abutting owner can also maintain a bill on the same ground,—that is, that the building of the road is without the valid consent of the city,—then the language in the *Patterson case,* 'and any such excess of authority in the use of a street as is here claimed must be left to be redressed by the public authority,' must be overruled, and the authorities above cited, as to the remedy by the Attorney General or city, qualified. If a railroad is legally authorized no one can

enjoin its construction. In other words, it is only when the consent of the city has not been lawfully obtained that any one can complain in a court of equity, and, therefore, when it is said 'the remedy is by the public authorities, the abutting property holder being remitted to his action at law for damages,' cases in which the work is unlawful must be contemplated,—and such is clearly the force of the *Patterson case, supra.* This doctrine is recognized again in the *Corcoran case, supra.* In the *Schertz case, supra,* the ordinance authorized the laying of a track along a street on condition that the consent of property owners on the opposite side of the street should first be obtained, but the company proceeded with the work without complying with that condition, and a bill for injunction by an abutting property holder was filed. As shown by the bill in that case, the defendant was proceeding illegally, and certainly without consent of the city, and the question was directly brought to the attention of the court, as appears from the dissenting opinion there filed, but the relief was denied. The principle is, that, the abutting property owner having a complete remedy at law, a court of equity will not, upon his allegation that the ordinance authorizing the construction is illegal, enjoin the defendant from proceeding until the question of illegality can be litigated and determined, but will remit him to his action at law,—and this, it seems to us, is a just and reasonable rule, the enforcement of which will protect the rights of all parties interested."

The allegation of an abutting property owner that the construction and operation of a street railway in front of his property will lessen its value or injuriously affect it, or the allegation that the construction of a street railway in the street is illegal or unauthorized, will not give such abutting property owner a standing in a court of equity to enjoin the construction of such road.

The tracks of the appellee company across Fourteenth street, it is alleged in the bill, were laid in pursuance of an ordinance of date September 15, 1879, section 2 of which is as follows:   "Said railway company may cross any and all intervening streets, alleys and railroad tracks upon or along the line of such route as designated in the first section, said company to be at all times subject to the direction of the department of public works or other proper department in said city in ·the conduct of such tracks, in making the crossing or connections with other roads, and in keeping in repair so much of said streets, alleys and crossings as may be occupied by said railroad company with its tracks, switches and turn-outs."

Whilst it is a legitimate use of a street to allow a steam railroad track to be laid and operated along or across it where there is legislative authority therefor, the railroad company can acquire no exclusive right in the street, nor is there power in the municipality to grant such exclusive use of a street to a railroad company. The primary object of the streets is for ordinary passage and travel, which the public and individuals are rightfully entitled to have the use of at all times, and no exclusive use can be granted for private purposes and the public be deprived of the right of travel thereon and adjacent property owners prevented from ingress to and egress from their property situated thereon.   The streets of a city are public highways, that from side to side and from end to end are held for the use of the public. *Ligare* v. *City of Chicago*, 139 Ill. 46; *Stack* v. *City of East St. Louis*, 85 id. 377; *Pennsylvania Co.* v. *City of Chicago*, 181 id. 289; *Hibbard* v. *City of Chicago*, 173 id. 91.

The ordinance of the city gave the railroad corporation the right to lay its tracks across Fourteenth street but did not give it an exclusive right to that street. Its right thereto could only be enjoyed in common with the uses of the street by the public as an ordinary highway, and the usefulness of which could not be materially

impaired by the railroad. (*Pittsburg, Ft. Wayne and Chicago Railroad Co.* v. *Reich,* 101 Ill. 157; *Chicago, Burlington and Quincy Railroad Co.* v. *West Chicago Street Railroad Co.* 156 id. 255.) In this latter case the court said (p. 265): "The fact that the tracks of plaintiff in error are laid across said streets, and that its freight and passenger cars are permitted by the city to pass over the same upon said tracks, gives plaintiff in error no exclusive use of the crossing, but only a use to be enjoyed in common with the public. A city has no right to authorize railroad tracks to be laid upon streets so as to exclude the other public uses of the street. It will not be denied that pedestrians and carriages and wagons and omnibuses and other vehicles have a right to pass along these streets over and across the tracks of plaintiff in error. A street car running upon rails laid upon the surface of the street, and used in the ordinary way under the regulations of the city authorities, is merely another sort of carriage. The use of a street for a horse railway is such a use as falls within the purposes for which streets are dedicated or acquired by condemnation. The proprietor, when he dedicates the street or is paid for property to be so used, will be presumed to have contemplated such improved and convenient modes of use as are reasonably consistent with the use of the street for ordinary vehicles and in the usual mode.   *   *   *   The plaintiff in error accepted the ordinance of 1862, and laid its tracks across the avenues thereunder in subordination to the right of the public to pass along the avenues and over those parts thereof where its tracks crossed them. His rights to the crossing are, and always have been, subject to the public easement in the streets and subject to the right of public passage over the same. The propelling of street cars over the crossing was only a form of the exercise by the public of its right of passage, and, therefore, did not operate as any infringement upon the rights of plaintiff in error or entitle it to any additional compensation."

The appellee had no such right in Fourteenth street that it could enjoin the construction of a street car track along said street or from crossing its track across such street. Operating a street railway is a legitimate use of the street for expeditious travel thereon, and is not an additional burden thereto.

'It was error in the superior court of Cook county to award an injunction as prayed for by appellee, and there was error in the Branch Appellate Court for the First District in affirming its decree. The decree of the superior court of Cook county and the judgment of the Branch Appelate Court for the First District are each reversed and the cause is remanded to the superior court of Cook county, with directions to sustain the demurrer to the bill for want of equity and to dissolve the injunction.

*Reversed and remanded.*