## Aurora Electric Light and Power Co. v. Caroline F. McWethy et al.

1. EQUITY JURISDICTION—*Of Bill Filed by Abutting Property Owners to Enjoin Obstruction of Street.*—Where the fee of the street where poles are being erected is in the city, and subject to the proper control of the city authorities, before a private citizen can enjoin the obstruction or occupation of the street, he must show that he is about to suffer an injury to his private rights or property that is irreparable in its nature and can not be fully compensated in a suit at law. Averment or proof that the construction sought to be enjoined is illegal or unauthorized, does not give a court of equity jurisdiction of a bill filed by the abutting property owners.

2. STREETS—*Proper Parties to Proceedings for Removal of Obstruction Where it Does Not Result in any Special Damage to the Individual.*—Where the obstruction to a street does not result in any special damage to the individual he has no right to complain, but the proceeding for the removal of the obstruction must be in behalf of the public. In such case the public alone can complain.

Bill for an Injunction.—Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded with directions. Opinion filed October 14, 1902.

MURPHY, ALSCHULER & NEWHALL, attorneys for appellant.

ALBERT J. HOPKINS, FRED A. DOLPH and ROBERT BRUCE SCOTT, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.
On June 26, 1900, appellees filed a bill in chancery in

the Circuit Court of Kane County, representing that they each owned premises abutting on North Lake street in the city of Aurora in said county; that appellant, a corporation, through its officers, agents and servants, was engaged in tearing up, excavating in, and erecting obstructions and poles upon said street to the irreparable damage and injury of appellees and each of them, claiming the right to do so by virtue of an alleged ordinance of the said city purporting to have been passed January 16, 1888, authorizing appellant to erect, lay and maintain a system of electrical conductors above and under the ground in the streets, alleys, etc., of said city, setting out such ordinance in full; that said ordinance was null and void and did not grant any rights or privileges to appellant to excavate in or obstruct said street with electrical or other apparatus or appliances; that said alleged ordinance was claimed to have been passed at the same meeting at which it was presented to the city council in violation of an ordinance of said city theretofore passed and in full force and effect at that time, providing that all ordinances should lie over one week after being presented and read; that appellant had no permit, as provided for by said alleged ordinance, from the superintendent of streets or superintendent of electrical apparatus of the city for the erection of any poles or electrical apparatus of any kind or character in said street, and that appellant had no right or authority, even under the terms of said pretended ordinance, to excavate in or erect its poles upon said street.

Appellees therefore prayed for a temporary injunction, restraining and enjoining appellant, its officers, agents and servants, from in any manner interfering with, excavating in, tearing up, obstructing and placing poles and other electrical apparatus in and upon said street or any portion thereof, and that upon final hearing said injunction might be made perpetual. A temporary injunction was granted. Appellees afterward asked leave of court to amend their bill so as to charge, among other things, that appellant, at the time said ordinance was passed by the city council, was

not organized, had no legal existence, and no power or authority to accept or receive any of the grants or powers purporting to be given or granted to it in said ordinance and that said ordinance was null and void; but the court, upon a hearing, refused appellees leave to amend their bill of complaint as prayed for. A demurrer to appellees' bill was overruled and appellant answered admitting that it was about to place a line of poles with wires upon the same, along the street in question, and that in so doing it was acting under the authority granted to it by virtue of the ordinance mentioned in the bill, but alleging that said ordinance was valid and in full force and effect, and that it gave appellant sufficient authority to do the acts complained of. The answer also denied the allegation of the bill that no permit was given it by the superintendent of streets or superintendent of electrical apparatus, to erect its said poles and wires along said street, but alleged that it was immaterial, so far as appellant's rights were concerned, whether said permit was given by said superintendent or not.

A replication was filed and the cause referred to the master in chancery to take the proofs and report the same, together with his conclusions thereon, to the court. In his report the master found that the ordinance in question of January 10, 1888, was void for the reason that it did not lie over one week after being introduced into the city council; and that the placing of said poles in said street was improper and unlawful for the reason that appellant had failed to first obtain the consent of the superintendent of streets and superintendent of electrical apparatus, before so placing said poles. Appellant filed objections to the master's report, as did also appellees, the latter complaining that the master failed to find that the ordinance in question was null and void because at the time of its alleged passage, appellant had no legal existence. All objections having been overruled by the master, they were, by stipulation of the parties, permitted to stand as exceptions. Upon the hearing the court overruled the exceptions of appellant,

sustained those of appellees, and decreed that the temporary injunction be made perpetual.

The proofs show that at the time the injunction issued, appellant was a corporation engaged in furnishing electricity for commercial purposes in the city of Aurora, and had been so engaged, using the streets and alleys of said city as it deemed it necessary for the conduct of its business, since the year 1888.

Appellees claim that they were authorized to file, and the court to sustain their bill, by virtue of an act of the general assembly, in force July 1, 1897. This law requires a petition signed by a certain portion of the property owners in any street, to authorize the city council to pass an ordinance granting any person or corporation the right to string wires on poles in such street to carry electricity for lighting purposes, and provides that any owner of property abutting on such street may file a bill in chancery to enjoin such person or corporation from using such street for such purposes, under any grant by the city council, not made in conformity with the provisions of the act. Rev. Stat. (Hurd, 1899), Chap. 24, Sec. 491. It applies, however, only to ordinances passed after the law went into effect. The ordinance under which appellant was preparing to set its poles and string its wires, when enjoined in this suit, was passed by the city council in 1888, and appellant had been operating thereunder ever since that year. It does not claim to act under any ordinance passed since July 1, 1897. Consequently the law, which went in force on the last named date, can have no application to this case, and even if it were shown that the ordinance of 1888, under which appellant is acting, was void, that fact would not change the rule or make the act of 1897 applicable.

As appellees' bill was not authorized by the act of 1897, the question next arises whether there was any power in equity to grant the relief prayed for. It must be remembered that the fee of the place where the poles were being erected is in the city, and subject to the proper control of the city authorities; and before a private citizen can enjoin

the obstruction or occupation of the street as here proposed, he must show that he is about to suffer an injury to his private rights or property that is irreparable in its nature and can not be fully compensated in a suit at law. Averment or proof that the construction sought to be enjoined is illegal or unauthorized, does not give a court of equity jurisdiction of a bill filed by the abutting property owners. Gen. Elec. Ry. Co. v. C. & W. I. R. R. Co., 184 Ill. 588; Doane v. Lake St. El. R. R. Co., 165 Ill. 510; Springer v. Walters, 139 Ill. 419; Patterson v. C. D. & V. R. R. Co., 75 Ill. 588.

"It is well settled that where the obstruction to a street does not result in any special damage to the individual, he has no right to complain; but the proceeding for the removal of the obstruction must be by or on behalf of the public. In such case the public alone can complain. The individual can only file a bill for injunction against the obstruction of a public highway when it is shown that he will suffer special damage different in degree and kind from that suffered by the public at large." C. G. Ry. Co. v. C. B. & Q. R. R. Co., 181 Ill. 605, and cases cited.

There is nothing in the proof to show that appellees would suffer any injury by the proposed construction which is irreparable in its character and can not be compensated for in an action at law.

Whether appellant was in a position to legally accept from the city the grant contained in the ordinance of 1888 and did accept it, whether the ordinance in question was lawfully adopted, and whether the permit required by the ordinance of the superintendent of streets and superintendent of electrical apparatus had been obtained by appellant, were all questions which these private abutting property owners could not make the basis of an injunction at their instance.

The decree of the court below is therefore reversed and the cause remanded, with directions to the Circuit Court to dissolve the injunction and dismiss the bill.